UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


JAMES SISTRUNK, et al.                    CIVIL ACTION


VERSUS                                    NO: 13-2983


DAKE CORPORATION, et al.                  SECTION: R(4)


**ORDER AND REASONS**

Plaintiffs move the Court to remand this case to state court.[1] The Court DENIES the motion, because it finds that diversity jurisdiction exists, as the plaintiffs improperly joined the two in-state defendants.


**I.   Background**

Plaintiffs James and Susan Sistrunk sued defendants Dake Corporation and JSJ Corporation (the "removing defendants") in state court.[2] The plaintiffs are citizens of Louisiana, and the removing defendants are citizens of Michigan.[3] The plaintiffs allege that James Sistrunk suffered serious injuries in the course of his employment, when part of a shaft broke loose during

---

[1] R. Doc. 14.

[2] R. Doc. 1-1 at 7.

[3] *Id.*

operation of a hydraulic press that was designed and manufactured by the removing defendants.[4]

The plaintiffs then filed an amended state court petition, naming as additional defendants Pellerin Milnor Corporation ("PMC") and Frank Mamola, both Louisiana citizens.[5] PMC was Sistrunk's employer at the time of the alleged injury, and Mamola was his supervisor.[6] The plaintiffs allege that PMC and Mamola knew that the hydraulic press should be outfitted with a guard and knew that Sistrunk was not protected by a guard or any similar device and thus was exposed to "certain injury from projectiles."[7] They further allege that these conditions indicated that injury to Sistrunk was inevitable or substantially certain to occur.

Dake Corporation and JSJ Corporation removed the suit to this Court on grounds of diversity jurisdiction.[8] The plaintiffs

---

[4] *Id.*

[5] *Id.* at 3. The plaintiffs' amended petition also names John Doe, apparently an unidentified employee of PMC, as a defendant. *Id.* at 4. In determining whether a civil action is removable, the Court disregards the citizenship of defendants sued under fictitious names. 28 U.S.C. § 1441(b). Accordingly, the Court disregards Doe's citizenship in determining whether this action is removable.

[6] *Id.* at 4, 7.

[7] *Id.* at 4.

[8] R. Doc. 1.

2

moved to remand.[9] They argue that, since PMC and Mamola are Louisiana citizens, there is not complete diversity between plaintiffs and defendants, and the Court lacks subject matter jurisdiction over the action.[10] Defendants oppose the motion to remand, arguing that PMC and Mamola are improperly joined and should be dismissed from the suit.[11] PMC and Mamola seek dismissal under Federal Rule of Civil Procedure 21.[12]

## II.  Legal Standard

A defendant generally may remove a civil suit filed in state court if the federal court has original jurisdiction over the action. 28 U.S.C. § 1441(a). The removing party bears the burden of establishing federal jurisdiction. *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir. 1995). In assessing whether removal is appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that removal statutes should be strictly construed in favor of remand. *See Manguno v. Prudential Prop. & Cas. Ins. Co.,* 276 F.3d 720, 723 (5th Cir.

---

[9] R. Doc. 14.

[10] R. Doc. 14-1 at 1.

[11] R. Doc. 15 at 8; R. Doc. 16.

[12] R. Doc. 16 at 2.

2002). Accordingly, "[a]ny ambiguities are construed against removal." *Id.*

For a federal court to exercise diversity jurisdiction, the amount in controversy must exceed $75,000, and there must be complete diversity between plaintiffs and defendants. *See* 28 U.S.C. § 1332(a); *Owen Equip. & Erection Co. v. Kroger,* 437 U.S. 365, 373 (1978). Here, the parties do not dispute that the amount in controversy is sufficient. Thus, the only dispute is whether the complete diversity requirement is satisfied. When a plaintiff properly joins one or more defendants with whom she shares citizenship, no defendant may remove the case to federal court. *See McLaughlin v. Miss. Power Co.,* 376 F.3d 344, 353 (5th Cir. 2004). But a defendant *may* remove by showing that the non-diverse defendants are improperly joined. *Smallwood v. Ill. Cent. R.R. Co.,* 352 F.3d 220, 222 (5th Cir. 2003).

The fraudulent joinder doctrine is a narrow exception to the rule requiring complete diversity, and the burden of demonstrating improper joinder is a heavy one. *Id.* A defendant may establish improper joinder by showing either (1) actual fraud in pleading jurisdictional facts, or (2) the plaintiff's inability to establish a cause of action against the non-diverse parties in state court. *Id.* at 222-23. Here, there is no allegation that the plaintiffs fraudulently pleaded jurisdictional facts. Accordingly, only the second prong of the

4

improper joinder test is at issue. Under this prong, the Court asks whether there is arguably a reasonable basis for predicting that state law might impose liability on the non-diverse defendants. *Id.* at 223 (quoting *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 816 (5th Cir. 1993)) (quotation marks removed).

To decide whether a plaintiff has demonstrated a reasonable possibility of recovery, "the district court may 'conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant.'" *Menendez v. Wal-Mart Stores, Inc.,* 364 F. App'x 62, 69 (5th Cir. 2010) (per curiam) (quoting *Smallwood v. Ill. Cent. R.R. Co.,* 385 F.3d 568, 573 (5th Cir. 2004)). The scope of the inquiry for improper joinder, however, is broader than that for Rule 12(b)(6), because the Court may "pierce the pleadings" and consider summary judgment-type evidence to determine whether the plaintiff has a basis in fact for her claim. *Smallwood,* 352 F.3d at 223 n.8 (citing *Travis v. Irby,* 326 F.3d 644, 648-49 (5th Cir.2003)); *see also Menendez*, 364 F. App'x at 69. In conducting this inquiry, the Court must "take into account all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff." *Travis,* 326 F.3d at 649. Further, the Court must resolve all contested issues of fact and

all ambiguities of state law in favor of the plaintiff. *Id.*; *Elam v. Kan. City S. Ry. Co.*, 635 F.3d 796, 813 (5th Cir. 2011).

**III. The Non-Diverse Defendants Are Improperly Joined**

The question to be answered is whether there is arguably a reasonable basis for predicting that Louisiana law might impose liability on PMC or Mamola.

Louisiana law makes workers' compensation the exclusive remedy for unintended injury to an employee. *See* La. R.S. 23:1032. If the employer or any of its officers or employees acted *intentionally* in causing injury, however, the injured employee may pursue any remedy against the employer available under general law. *Bazley v. Tortorich*, 397 So. 2d 475, 479 (La. 1981); *see also Reeves v. Structural Pres. Sys.*, 731 So. 2d 208, 210 (La. 1999). The Louisiana Supreme Court has defined "intentional" in this context to mean that the employer either consciously desired the physical result of its act or knew that the result was "substantially certain" to follow. *Bazley*, 397 So. 2d at 481. "Substantially certain" means "incapable of failing" or "inevitable." *See Reeves*, 731 So. 2d at 213.

Knowledge that a machine is dangerous and that its use creates a high probability that someone eventually will be injured is not sufficient to satisfy the "substantial certainty" requirement. *Id.* Thus, the allegations that PMC and Mamola knew

6

that the hydraulic press was dangerous and should be outfitted with a guard are insufficient to establish that they knew Sistrunk would be injured.[13] "[B]elieving that someone may, or even probably will, eventually get hurt if a workplace practice is continued does not rise to the level of an intentional act, but instead falls within the range of negligent acts that are covered by workers' compensation." *Id.* at 212. Louisiana courts have "almost universally held that employers are not liable under the intentional act exception for violations of safety standards or for failure to provide safety equipment." *Id.* at 211–12 (citing cases).

Sistrunk's alleged injury took place in the course of his employment with PMC.[14] His exclusive remedy against PMC and Mamola is workers' compensation, unless either PMC or Mamola acted intentionally in causing his injuries. The plaintiffs allege that PMC and Mamola knew that the hydraulic press should be outfitted with a guard to prevent projectiles from reaching the operator and knew that, without a guard, Sistrunk was exposed to "certain injury from projectiles."[15] In their memorandum in support of their motion to remand, the plaintiffs allege that Mamola "knew or should have known that his failure to [ensure

---

[13] *See* R. Doc. 1-1 at 4.

[14] R. Doc. 1-1 at 7.

[15] *Id.* at 4.

Sistrunk's safety] was substantially certain to cause injury to [Sistrunk] while operating the Dake hydraulic press."[16] In essence, the plaintiffs allege that PMC and Mamola failed to provide Sistrunk with necessary safety equipment. As stated, this is insufficient to establish that PMC or Mamola acted intentionally in causing Sistrunk's injury. *See Moreau v. Moreau's Material Yard, LLC*, 98 So. 3d 297, 298 (La. 2012) (per curiam); *Reeves*, 731 So. 2d at 211-12.

The Court finds no factual basis to support an inference that either PMC or Mamola knew that Sistrunk would be injured. Taken as true, the plaintiffs' factual allegations indicate that Sistrunk's injuries resulted from a design or construction deficiency (as the hydraulic press lacked a safety guard) and an equipment malfunction.[17] It does not follow from these facts that PMC or Mamola intended Sistrunk's injuries or knew with substantial certainty that he would be injured. The plaintiffs' allegations to the contrary "are insufficient as a matter of law, as they are nothing more than conclusionary allegations, wholly lacking in specific factual support." *Jernigan*, 989 F.2d at 817.

The Court finds that the plaintiffs' exclusive remedy against PMC and Mamola is workers' compensation. Accordingly, the plaintiffs improperly joined PMC and Mamola, and the removing

---

[16] R. Doc. 14-1 at 2.

[17] R. Doc. 1-1 at 7-8.

defendants properly removed the action on grounds of diversity jurisdiction. Further, PMC and Mamola are entitled to dismissal under Federal Rule of Civil Procedure 21. *See* Fed. R. Civ. P. 21 ("the court may at any time, on just terms, add or drop a party").


**IV.  Conclusion**

For the foregoing reasons, the plaintiffs' motion to remand is DENIED. Pursuant to Federal Rule of Civil Procedure 21, the claims against Pellerin Milnor Corporation and Frank Mamola are DISMISSED.


New Orleans, Louisiana, this __12th__ day of December, 2013.


_____

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE