## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JAMES SISTRUNK, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO:    13-2983** |
| **DAKE CORPORATION, ET AL.** | **SECTION: "R" (4)** |

## ORDER

Before the Court is Pellerin Milnor Corporation's ("Pellerin Milnor"), Sam Martinez's, and Robert Hamberger's (collectively "Movers") **Motion to Quash Subpoena, and in the Alternative, for a Protective Order to Limit the Scope (R. Docs. 39)**, seeking to quash subpoenas for the deposition of two fact witnesses and a subpoena for a Rule 30(b)(6) corporate deposition. The motion is opposed. *See* R. Docs. 42 (Defendant's Opposition) and 43 (Plaintiff's Opposition). The motion was heard for oral argument on Wednesday, November 12, 2014.

This case arises out of the injuries Plaintiff, James Sistrunk, suffered in the course of his employment with Pellerin Milnor, when a part of a shaft broke loose during the operation of a hydraulic press that was designed and manufactured by the Defendants, Dake Corporation and JSJ Corporation. *See* R. Doc. 1. Defendants have taken five (5) fact witness depositions of Pellerin Milnor employees regarding supervision, training, safety, and the factual occurrences on the date of the incident. *See* R. Doc. 39-3, at 4. During these depositions Pellerin Milnor specifically stated on the record that the fact witnesses were not testifying on behalf of the company. Defendants now seek to conduct a Rule 30(b)(6) corporate deposition of Pellerin

Milnor to obtain binding testimony from the company. Defendants also seek to depose Pellerin Milnor engineers Sam Martinez and Robert Hamberger, who designed a safety cage to go around the hydraulic press after the accident.

In the instant motion, the Movers, Pellerin Milnor, Martinez and Hamberger are seeking to quash the subpoenas noticed for depositions on November 5, 2014 because: (1) the subpoenas issued to Martinez and Hamberger were improperly served because they were not sent directly to the engineers but to Pellerin Milnor; and (2) discovery of a non-party should be restricted when it is unreasonably cumulative or duplicative and causes unnecessary harassment, inconvenience, and expense. *See* R. Doc. 39-3. In the alternative, Movers argue that the scope of the depositions should be limited in scope to relevant matters not already covered. *Id*.

A.      **Improper service**

The Movers argue that service to Martinez and Hamberger was defective because they were not personally served. *See* R. Doc. 39-3, at 4. However, during oral argument, the Movers informed the Court that the Defendants issued new subpoenas to Martinez and Hamberger that were personally served to the deponents, thus rendering this issue moot.

B.      **Quashing Subpoenas**

The Movers argue that as non-parties the restrictions on discovery may be broader to protect it from unnecessary harassment, inconvenience, expense or disclosure of confidential information. *See* R. Doc. 39-3, at 5 (citing *In re Candor Diamond Corp.*, 26 B.R. 847, 848 (Bankr. S.D.N.Y.1983). Movers contend that the depositions of Martinez and Hamberger are irrelevant because the Defendants seek to inquire about the design and installation of the cage installed after the accident in question. *Id*. at 6. Movers argue that testimony about subsequent remedial measures is not admissible under Federal Rule of Evidence 407, and thus the

2

depositions are irrelevant. *Id*. Moreover, Movers contend that the depositions of Martinez and Hamberger are duplicative of other evidence because the Defendants have already been provided with design drawings of the cage, photographs of the cage, as well as information about the circumstances surrounding the cage, which was covered in the previous depositions of Pellerin Milnor employees. *Id*. As for the Rule 30(b)(6) deposition, the Movers argued that they would be willing to stipulate that the testimony of previously deposed employees is sufficient to bind the corporation.

In opposition, the Defendants argue that the Movers do not provide any evidentiary basis for their contentions that the subpoenas are redundant, irrelevant, unduly burdensome, and duplicative. *See* R. Doc. 42, at 4. Defendants argue that these contentions are mere argument of counsel and that the Movers have not carried their burden of producing an evidentiary basis for their arguments. *Id*. at 5-6 (citing *Truswal Systems Corp. v. Hydro-Air Engineering, Inc.*, 813 F.2d 1207 (Fed. Cir.1987)). Defendants further assert that the depositions are not irrelevant as a subsequent remedial measure because the Federal Rules of Civil Procedure allows for the discovery of inadmissible evidence. *Id*. at 11. Moreover, Defendants argue that the additional depositions sought are not duplicative of the previous five depositions because Martinez and Hamberger are the engineers who designed the cage and only they can answer questions about their process of designing and installing the cage. *Id*. at 8-9. Defendants also argue that the installation of the cage goes to feasibility and it is important to inquire about the guard to prepare their defenses.

Plaintiffs also filed an opposition to Movers motion and argue that as the employer and the holder of the product that injured Plaintiff, Pellerin Milnor will play a substantial role in this case and therefore the deposition of Pellerin Milnor, Maritnez, and Hamberger should be

allowed. *See* R. Doc. 43. Plaintiffs argue that subsequent remedial measures may be admissible at trial to prove that an alternative design existed and that it was economically feasible, thus the installation of the cage after the accident is relevant and may be admissible in this case to determine the allocation of fault. *Id*.

During oral argument, the parties were excused to discuss setting dates for the depositions at issue and any possible stipulations. After being excused for thirty (30) minutes, the parties returned before the Court and represented that they agreed to the depositions of Martinez and Hamberger to occur on November 19, 2014 at 1:00 pm and agreed to stipulate that the previous testimonies of Pellerin Milnor employees are sufficient to bind the corporation, eliminating the need for the 30(b)(6) deposition. However, the parties did not agree to the precise format in which to convey the stipulations and were granted until Friday, November 14, 2014 to confer.

On November 17, 2014, the parties filed Stipulations Relative to the Depositions of Robert Hamberger, Sam Martinez, and Pellerin Milnor Corporation (R. Doc. 47) and Stipulations Relative to the 30(b)(6) Deposition of Pellerin Milnor Corporation (R. Doc. 48) (collectively "Stipulations").[1] The parties stipulate that Hamberger will appear for deposition on November 19, 2014 at 1:00 pm and Martinez will appear for deposition on November 19, 2014 at 1:30 pm. *See* R. Doc. 47. The parties further stipulate that Sid LaCoste will appear for deposition on behalf of Pellerin Milnor on November 19, 2014 at 2:00 pm. *Id*. The Stipulations also include each topic for the corporate deposition and the testimony that is responsive to that topic. *See* R. Doc. 48.

Therefore, based on the parties' stipulations,

---

[1] The two Stipulations filed in the record include a signature line for the undersigned. However, since these are agreements between the parties, they do not require a judicial signature although it remains a part of the record.

**IT IS ORDER** that Pellerin Milnor Corporation, Sam Martinez, and Robert Hamberger's **Motion to Quash Subpoena, and in the Alternative, for a Protective Order to Limit the Scope (R. Docs. 39)** is **DENIED AS MOOT**.

New Orleans, Louisiana, this <u>3rd</u> day of December 2014.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**